**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| KIMBERLY KAY DAVISSON, | ) | CASE NO. 1:10-CV-2411 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | ORDER |


On August 24, 2012, Plaintiff Kimberly Kay Davisson ("Plaintiff"), through counsel Charles E. Binder ("Binder"), filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1).  (ECF No. 20.)  On September 7, 2012, the Commissioner of Social Security ("Commissioner") filed a response to Plaintiff's motion indicating that he would not be filing an objection.  (ECF. No. 22.)  After a telephone conference held on October 18, 2012, addressing said motion, Plaintiff's counsel filed an amended Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) and brief in support.  (ECF Nos. 26 & 27.)

**I.  Procedural History**

On June 17, 2011, this Court vacated the Commissioner's prior decision and remanded the matter for further proceedings consistent with the Court's opinion.  (ECF Nos. 16 & 17.)  On September 14, 2011, Plaintiff filed a timely, unopposed application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 18.)  On September 15,

2010, the Court granted Plaintiff's motion for attorney fees pursuant to the EAJA in the amount of $4,200.[1]  (ECF No. 19.)  Upon remand, the Social Security Administration determined that Plaintiff was disabled and, based upon the Court's calculation of the information contained in Exhibit B, was entitled to back benefits of $60,570.90.[2]  (ECF No. 20-3, Exh. B.)

## II.  Law

Pursuant to 42 U.S.C. § 406(b):

(b) Fees for representation before court.

(1) (A) Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

(B) For purposes of this paragraph--

(i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 223 [42 USCS § 423], and

(ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1127(a) [42 USCS § 1320a-6(a)].

(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $ 500, or imprisonment for not more than one year, or both.

"Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner." *Pendland v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS

---

[1] The Plaintiff was also awarded $350 in costs in addition to the attorney fees.  (ECF No. 19.)

[2] This calculation is based on the Social Security Administration withholding fifty-four (54) months of benefits from the time period spanning December 2007 until May 2012 at the rates set forth in Exhibit B.  (ECF No. 20-3, Exh. B.)

118602 (S.D. Ohio Sept. 20, 2011) (*citing Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)).  "The Court may award fees only for work performed before the Court and not before the Social Security Administration." *Id*. (*citing Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc)).

### III.  Analysis

The Social Security Administration has withheld $15,125.50 "in case we need to pay your lawyer" from Plaintiff's past due benefits of $60,570.90.  (ECF No. 26-4, Exh. B.)  The withheld amount represents approximately 25 percent of the past due benefits.  "While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under [§ 406(a) and] § 406(b) for work performed before the administrative agency and for work performed in the federal court." *Karadsheh v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 124004 (W.D. Mich. Sept. 26, 2011).  Binder represents that he and another attorney performed 28 hours of work before this Court for Plaintiff.  (ECF No. 26-5, Exh. C.)  Binder requests $10,220.00 in attorney fees to be paid from Plaintiff's past due benefits, a sum constituting less than seventeen (17) percent of the amount withheld and an hourly rate of $365.20.[3]  (ECF No. 27.)  The Commissioner did not object to the original request so long as the EAJA award is remitted to Plaintiff.  (ECF No. 22.)  The Commissioner, during the telephone conference, indicated he had no objection to the revised request.

The Plaintiff executed a "Retainer Agreement and Assignment" providing that counsel's fees will not exceed twenty-five (25) percent.  (ECF No. 26-3, Exh. A.)  Binder has also attached a recent letter from Plaintiff indicating that she is satisfied with counsel's representation, and requesting that the Court approve counsel's fee application.  (ECF No. 20-3, Exh. D.)  "When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties.  However under the special circumstances of court authorization of fees in social security cases, a court is not bound to award recovery according to

---

[3]  In his initial motion for fees pursuant to § 406(b), Binder requested $15,125.50 in attorney fees to be paid from Plaintiff's past due benefits – a rate of $540.20 per hour.  (ECF No. 20-2 at ¶13.)

the stated agreement." *Rodriquez*, 865 F.2d at 746.  This Court operates as an "independent check" on the reasonableness of such contingency arrangements.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  There is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract *unless* 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort."  *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

Certainly, there is no indication of improper conduct herein and counsel was effective.  As such, unless the amount requested constitutes a windfall, the Court will enforce the contingency agreement.  As explained in the *Hayes* decision:

> We believe that, under *Rodriquez*, windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.  We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts.  Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Hayes*, 923 F.2d at 422; accord *Bailey v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 25091 (N.D. Ohio Feb. 28, 2012) ("In the Sixth Circuit, below a floor of double the normal rate, an award can never be a windfall.")  Because the requested fees are no more than twice the standard rate for such work in the relevant market, Binder's request is approved.

However, as acknowledged by Binder, he must return the EAJA award of $4,200 to Plaintiff.  (ECF No. 27 at 3.)  Although attorneys in social security actions may seek an award under both the EAJA and under § 406(b), they are prohibited from collecting both in the same case.  *See Tharp v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86804 at *21 (S.D. Ohio, Aug. 5, 2011) (*citing Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989)).  "In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant."  *Id*.

## IV.  Conclusion

The Court hereby approves counsel's request for attorney fees (ECF No. 26) in the amount of $10,220.00 from Plaintiff's past due benefits.  Plaintiff's counsel is further ordered to

4

refund $4,200.00 to Plaintiff – the amount previously awarded for under the EAJA.

     IT IS SO ORDERED.

s/ Greg White_____
United States Magistrate Judge

Dated: <u>October 26, 2012</u>